# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY HUFFMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BATRA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00655-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff William Ray Huffman ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On September 13, 2019, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendant Batra for violation of the Fourteenth Amendment arising out of Plaintiff's medical care on July 15, 2017, but failed to state any other cognizable claims against any other Defendant. Plaintiff was ordered, within thirty (30) days, to either: (1) file a first

1

amended complaint curing the deficiencies identified by the Court's screening order; or (2) notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the claim against Defendant Batra, which would result in Plaintiff's voluntary dismissal of all other Defendants and all other claims, per Federal Rule of Civil Procedure 41(a)(1)(i). Plaintiff was warned that if he failed to comply with the Court's order, he would be allowed to proceed only on the claims found cognizable and the undersigned would recommend that all other claims and Defendants be dismissed with prejudice. (ECF No. 8.)

The deadline for Plaintiff to file an amended complaint or notify the Court that he wishes to proceed only on the claim against Defendant Batra has passed, and he has not complied with the Court's order or otherwise communicated with the Court.

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.     Plaintiff's Allegations**

Plaintiff alleges that the events at issue took place at Coalinga State Hospital ("Coalinga") in Coalinga, CA, where he is currently housed. Plaintiff names the following defendants: (1) Sanjeev Batra, M.D.; (2) Robert Winthrow, M.D., Director of Medical at Department of State Hospitals; and (3) Jonthan Hamerick, M.D., Chief Physician and Surgeon.

Plaintiff alleges that 30 years ago he had his left hip totally replaced. In April 2017, the hip started to squeak and cause great pain. He had two to three x-rays done at Coalinga in April and May 2017. The radiology report stated that there is a lateral superior migration of the femoral component, which is now articulating with the bony acetabular roof and is no longer centered with the acetabular cup and "recommended referral to the orthopedic surgery for potential revision."

On July 15, 2017, Plaintiff was in pain and taken to the Urgent Care Room and was seen by Defendant Sanjeev Batra, M.D. Dr. Batra said there is nothing wrong with Plaintiff and that the prosthetic is out of alignment and the joint needs to be pushed back into place, causing more pain than Plaintiff had been experiencing. Dr. Batra pushed Plaintiff's leg up so hard that the hip is now broken and shattered into several pieces. In July 2017, Plaintiff was taken to Receiving and Release and had another CT Pelvis without I.V. Contrast done on his left hip. Plaintiff was taken to see N. Birrell Smith, MD, Orthopedic Surgeon on July 18, 2017. Dr. Smith assessed Plaintiff x-ray as follows: "the x ray represents catastrophic failure of acetabular component with long term chronic dislocation which has created false acetabulum. This will need referral to a center such as Stanford or UCLA for complex revision total hip surgery."

On July 21, 2017, Plaintiff was taken to Community Regional Medical Center. Plaintiff's discharge instruction state: "Mr. Hoffman as a chronic dislocation of his left hip prosthesis. It is too high risk to attempt reduction. He will need revision of this prosthesis by orthopedic hip specialist . . ." On August 6, 2017, Plaintiff returned to Fresno Emergency room and the records indicate, "You have a fracture and dislocation in your hip. Our orthopedic consults feel you would be best served by following up with the surgeon at Stanford as you will require complex

3

revision with involved surgical planning on an outpatient basis." On August 9, 2017, Manavjeet Singh Sidhu, M.D. submitted his orthopedic surgery clinic note on the imaging of Plaintiff: "Acetabular cup loose with broken screw. Prosthetic femoral head dislocated, this is chronic because it can be seen that the femoral head is now articulating in the pseud acetabulum."

Plaintiff alleges Plaintiff's hip is in the same condition and he has not been taken to other appointments that have been recommended by Dr. Smith or by the Fresno Emergency Department. He alleges Defendant Robert Withrow, M.D., Director of Medical Department at Department of State Hospitals-Coalinga, and Jonathan Hamrick, M.D., Chief Physician and Surgeon at Department of State Hospitals-Coalinga are responsible for not allowing Plaintiff to go out to other medical appointments to see an orthopedic specialist who deals with hip replacement.

Plaintiff includes as an Exhibit to the complaint a response from the Department of State Hospital, Office of Human Rights in Sacramento which stated, "[S]everal health care facilities have declined your request for reconstructive surgery. Being an estimated 8-hour surgery, your age and state of health would make this surgery risky." Plaintiff alleges that no doctor that Plaintiff saw or consulted ever said that the surgery was 8 hours, or mentioned Plaintiff's age or that the surgery was "risky." Plaintiff asked for these reports that say the surgery is risky, or that his age mattered, and he has not received any.

Plaintiff seeks compensatory and punitive damages. He seeks declaratory and injunctive relief to have Defendant Robert Winthrow and Jonthan Hamerick send Plaintiff out to see a specialist orthopedic surgeon and tell Plaintiff why they refuse to operate.

**IV.    Discussion**

    **A.    Deliberate Indifference Claims**

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the constitution, a detainee plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting

Youngberg, 457 U.S. at 321–22). Thus, to avoid liability, a defendant's medical decisions regarding the plaintiff's treatment must be supported by "professional judgment." Youngberg, 457 U.S. at 321; see also Robinson v. Sziebert, 740 Fed. App'x. 614, 615 (9th Cir. 2018) (noting Fourteenth Amendment professional judgment standard applies to civil detainees). A defendant fails to use professional judgment when her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] did not base [her] decision on such a judgment." Youngberg, 457 U.S. at 323.

In determining whether a defendant has met his constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323.

At the pleading stage and considering the facts in light most favorable to Plaintiff, Plaintiff's allegations suggest that Dr. Batra's actions departed from accepted professional judgment, practice or standards for the care provided on July 15, 2017.

**B.     Supervisory Liability**

Plaintiff asserts a claim against Defendants Winthrow and Hamerick for failing to refer Plaintiff for replacement hip surgery. Plaintiff alleges that they are responsible for not allowing Plaintiff to go to medical appointments to see an orthopedic specialist who deals with hip replacements.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (*en banc*). "A supervisor may be liable only if (1) he or she is personally involved in the

constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012)) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's documentary evidence attached to the complaint consists of medical records and his medical appeals and responses to his medical appeals. (ECF No. 1, Exh. A–Q.) The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences. See Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 964 n.6 (9th Cir. 2014); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Fed. R. Civ. P. 10(c). Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Each of the medical reports indicate that Plaintiff's hip would need specialized care and higher level of care such that the physicians consulted recommended that Plaintiff would need to go to Stanford Medical Center or UCLA. (See ECF No. 1, Exh. B, p. 23; Exh. C, p. 26; Exh. D, p.3 0.) In response to Plaintiff's appeals, Plaintiff was told that he has not been referred for surgery because no higher level of care facility was willing to take on his surgery. On December 12, 2017, Plaintiff's case was referred to the Orthopedic Department at University of California, San Francisco and to the Orthopedic Department at Loma Linda University Medical Center. (ECF No. 1, Exh. H, p. 44.) On May 17, 2018, Plaintiff was told by a representative of Coalinga that no orthopedic department had agreed to take his case but that the Department of State Hospitals-Coalinga "will continue to consult outside medical facility in an effort to secure a contract for specialized orthopedic surgery." (ECF No. 1, Exh. K, p. 52.) The California Office of Patients' Rights, to which Plaintiff had complained, informed Plaintiff that "three health care

facilities have reviewed his case. None of them agreed to proceed with reconstruction surgery, apparently due to damage that has been done to your hip." (ECF No. 1, Exh. L.) Plaintiff was also told that another medical group was contacted about his case but the Department of State Hospitals-Coalinga was awaiting a response. Finally, on July 30, 2018, the third level of response to Plaintiff's medical appeal indicated that "several healthcare facilities have declined your request for reconstructive surgery. Being as estimated 8-hour surgery, your age and state of health would make this surgery risky." (ECF No. 1, Exh. O, p. 62.) Plaintiff's appeal was then closed.

Plaintiff fails to state a cognizable claim against Defendants Winthrow and Hamerick. Contrary to Plaintiff's claim that these individuals were "not allowing" him to see orthopedic specialists, Plaintiff's exhibits indicate that no orthopedic specialist was willing to accept his case, even though his case had been referred to several specialists. Plaintiff's conclusory allegations that Defendants Winthrow and Hamerick stopped him from seeing specialists is insufficient to state a claim.

### C.  Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n. 8 (9th Cir. 2005). Therefore, Plaintiff's claim for declaratory relief should be dismissed.

### D.  Injunctive Relief

The request for relief against Defendants Winthrow and Hamerick, that Plaintiff be sent to a specialist orthopedic surgeon, is a request for injunctive relief. To recover for injunctive relief, "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006) (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126. Furthermore, any award of equitable relief is governed by the Prison Litigation Reform Act,

which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Despite being provided the opportunity to file an amended complaint, Plaintiff has not stated any cognizable claims against either Defendant Winthrow or Defendant Hamerick.

**V.     Conclusion and Recommendation**

Plaintiff's complaint states a cognizable claim against Defendant Batra for violation of the Fourteenth Amendment arising out of Plaintiff's medical care on July 15, 2017, but fails to state any other cognizable claims against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed May 15, 2019, (ECF No. 1), against Defendant Batra for violation of the Fourteenth Amendment arising out of Plaintiff's medical care on July 15, 2017; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

///

appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 29, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE