UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY HUFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>BATRA, et al.,<br><br>Defendant. | No. 1:19-cv-00655-DAD-BAM (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 10) |

Plaintiff William Ray Huffman is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 13, 2019, the assigned magistrate judge screened plaintiff's complaint in this action and found that it stated a cognizable claim against defendant Batra for violation of the Fourteenth Amendment arising out of plaintiff's medical care on July 15, 2017, but that plaintiff had failed to state a cognizable claim against any other defendant. (Doc. No. 8 at 7.) In the screening order, plaintiff was given thirty (30) days from the date of service of that order to either file a first amended complaint or notify the court of his decision to proceed only on the cognizable claim against defendant Batra. (*Id.*) The court served the screening order on plaintiff by mail on September 13, 2019. But, plaintiff did not file an amended complaint nor did he notify the court of his decision whether to proceed only on the cognizable claim.

1          Accordingly, on October 30, 2019, the magistrate judge issued findings and
2  recommendations, recommending that this action proceed on plaintiff's complaint, filed May 15,
3  2019 (Doc. No. 1), against defendant Batra for violation of the Fourteenth Amendment arising out
4  of plaintiff's medical care on July 15, 2017, and that all other defendants and claims be dismissed
5  due to plaintiff's failure to state a claim upon which relief can be granted. (Doc. No. 10 at 8.)
6  Those findings and recommendations were served on plaintiff by mail on October 30, 2019 and
7  contained notice that objections thereto were to be filed within fourteen (14) days of service of
8  the findings and recommendations. (*Id.*) On November 18, 2019, plaintiff filed objections to the
9  pending findings and recommendations. (Doc. No. 11.)
10         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has
11 conducted a *de novo* review of this case. Having carefully reviewed the entire file, including
12 plaintiff's objections to the pending findings and recommendations, the undersigned will decline
13 to adopt the findings and recommendations for the reasons explained below.
14         In his objections, plaintiff asserts that he did not receive the court's September 13, 2019
15 screening order until October 13, 2019. (Doc. 11 at 1.) While plaintiff was in the process of
16 researching how he could maintain his claims against defendants Dr. Withrow and Dr. Hamerick,
17 and believing "that he had four or five days" left to comply with the court's order, plaintiff
18 received the pending findings and recommendations. (*Id.*) Though plaintiff does not explicitly
19 request leave to amend his complaint, such a request is implied in his objections, in which he
20 states that defendants Dr. Withrow and Dr. Hamerick "are the two sole individuals who allow
21 referrals to out-side medical appointments," "there are no subordinate employees that can allow
22 an out-side medical appointment to take place," and "they are crucial [d]efendants within this 42
23 U.S.C. § 1983 for the delay that has occurred." (*Id.* at 2.) It therefore appears that plaintiff
24 wishes to amend his complaint, and would have done so in response to the court's screening order
25 if he had timely received it. Accordingly, the undersigned will decline to adopt the pending
26 findings and recommendations at this time and will instead grant plaintiff leave to file a first
27 amended complaint.
28 /////

Plaintiff is cautioned that although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make a first amended complaint complete. The first amended complaint will supersede all previously filed complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly,

1. The court declines to adopt the October 30, 2019 findings and recommendations (Doc. No. 10);
2. Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of service of this order;
3. If plaintiff wishes to proceed only on the cognizable claim identified in the court's September 13, 2019 screening order, then he is directed to notify the court of his decision to do so within thirty (30) days from the date of service of this order;
4. Any failure on plaintiff's part to either file an amended complaint or notify the court of his decision to proceed only on the cognizable claim against defendant Batra within the time provided will likely result in dismissal of this action due to his failure to comply with a court order; and
5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 18, 2019**

UNITED STATES DISTRICT JUDGE

3

4