# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY HUFFMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BATRA, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:19-cv-00655-DAD-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 32) |

Plaintiff William Ray Huffman ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to the California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  This action proceeds on Plaintiff's first amended complaint against Defendants Batra, Withrow, and Hamerick for denial of medical care in violation of the substantive component of the Due Process Clause of the Fourteenth Amendment.

Currently before the Court is Plaintiff's motion to appoint counsel, filed November 18, 2020.  (ECF No. 32.)  In his motion, Plaintiff requests appointment of counsel because he is way over his head in legal affairs that he knows nothing about.  (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

1  n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28
2  U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298
3  (1989).  However, in certain exceptional circumstances the court may request the voluntary
4  assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

5       Without a reasonable method of securing and compensating counsel, the Court will seek
6  volunteer counsel only in the most serious and exceptional cases.  In determining whether
7  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
8  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
9  complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

10       The Court has considered Plaintiff's request, but does not find the required exceptional
11  circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
12  made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
13  This Court is faced with similar cases filed by prisoners and civil detainees who are proceeding
14  *pro se* almost daily.  Many of these litigants also have limited or no knowledge of the law and
15  must conduct legal research and litigate their cases without the assistance of counsel.

16       Furthermore, at this stage in the proceedings, the Court cannot make a determination that
17  Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint has been screened and
18  found to state some cognizable claims, this does not alone indicate a likelihood of success on the
19  merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff
20  cannot adequately articulate his claims.

21       Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 32), is HEREBY DENIED,
22  without prejudice.

IT IS SO ORDERED.

Dated:   **November 20, 2020**          /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE