**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY HUFFMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>BATRA, *et al.*,<br><br>            Defendants. | Case No.  1:19-cv-00655-DAD-BAM (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CLARIFICATION<br>(ECF No. 37)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTIONS TO DISMISS<br>(ECF Nos. 30, 31)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Introduction**

Plaintiff William Ray Huffman ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to the California Welfare and Institutions Code § 6600 *et seq.* are considered civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  This action proceeds on Plaintiff's first amended complaint against Defendants Batra, Withrow, and Hamerick for denial of medical care in violation of the substantive component of the Due Process Clause of the Fourteenth Amendment.

On October 13, 2020, Defendant Batra filed an answer.  (ECF No. 29.)  The same date, Defendants Hamerick and Withrow filed a motion to dismiss on the ground that this action is barred by the doctrines of collateral estoppel and res judicata.  (ECF No. 30.)  On November 6,

2020 Defendant Batra filed a motion for judgment on the pleadings on the same ground.  (ECF No. 31.)  Following Plaintiff's failure to respond to the motions, on December 14, 2020 the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendants' pending motions.  (ECF No. 34.)

On December 23, 2020, Plaintiff filed a response which was docketed as a "Motion to Disregard Filing."  (ECF No. 35.)  Upon review of the document, the Court construed the filing as Plaintiff's opposition to Defendants' pending motions and ordered Defendants to file replies, if any, within fourteen days.  (ECF No. 36.)  No replies have been filed, and the deadline to do so has expired.

On January 8, 2021, Plaintiff filed a motion for clarification.  (ECF No. 37.)  In the motion, Plaintiff asks the Court for some kind of clarification as to what the Court is asking of him and to instruct him as to what he is supposed to be talking to the Court about.  Plaintiff states that he has been unable to access the library at his institution to look up any direct cases, so he requests that the Court have the lawyers for the state explain to Plaintiff what is going on.  (*Id.*)  Defendants did not file a response to Plaintiff's motion for clarification, and the deadline to do so has expired.

Defendants' motions to dismiss and Plaintiff's motion for clarification are deemed submitted.  Local Rule 230(l).

**II.     Plaintiff's Motion for Clarification**

With respect to Plaintiff's motion for clarification, Plaintiff is informed that the Court has already construed his December 23, 2020 filing as an opposition to Defendants' motions to dismiss, and therefore no further responses to Defendants' motions are necessary.  Although Plaintiff is proceeding *pro se*, this does not entitle Plaintiff to an explanation of the law from either the Court or counsel for Defendants, and therefore this request is denied.  At this time, the only deadline in this action is the one set by the instant order and findings and recommendations—if Plaintiff wishes to file any objections to these findings and recommendations, Plaintiff may file those within the deadline provided.

///

**III.     Allegations in the First Amended Complaint**

Plaintiff is currently housed at Coalinga State Hospital ("Coalinga") in Coalinga, California, whether the events at issue took place. Plaintiff names the following defendants: (1) Sanjeev Batra, M.D.; (2) Robert Withrow, M.D., Director of Medical at Department of State Hospitals; and (3) Jonathan Hamerick, M.D., Chief Physician and Surgeon.

Plaintiff alleges that over 30 years ago he had his left hip totally replaced. In April 2017, the hip started to squeak and cause great pain. He had two to three x-rays done at Coalinga in April and May 2017.

On May 22, 2017, Plaintiff had a CT Pelvis without I.V. Contrast done of his left hip. The radiology report stated that "there is lateral superior migration of the femoral component, which is now articulating with the bony acetabular roof and is no longer centered with the acetabular cup" and "recommended referral to the orthopedic surgery for potential revision." (ECF No. 13, p. 2.)

On July 15, 2017, Plaintiff was in pain and taken to the Urgent Care Room and was seen by Defendant Batra. Defendant Batra said there is nothing wrong with Plaintiff and that Plaintiff was just seeking pain medication. He said that the prosthetic is out of alignment and the joint needs to be pushed back into place, and he would put it back in place. Defendant Batra pushed Plaintiff's leg up so hard that the hip is now broken and shattered into several pieces.

In July 2017, Plaintiff was taken to Receiving and Release and had another CT Pelvis without I.V. Contrast done on his left hip. On July 18, Plaintiff was taken to see N. Birrell Smith, M.D. Orthopedic Surgeon. Dr. Smith's written assessment states: "the x ray represents catastrophic failure of acetabular component with long-term chronic dislocation which has created false acetabulum. This will need referral to a center such as Stanford or UCLA for complex revision total hip surgery." (*Id.* at 3.)

On July 21, 2017, Plaintiff was taken to Community Regional Medical Center. Plaintiff's discharge instructions state: "Mr. Huffman has a chronic dislocation of his left hip prosthesis. It is too high risk to attempt reduction. He will need revision of this prosthesis by orthopedic hip specialist… Mr. Huffman should remain non-weight bearing on the left lower extremity until

cleared by ortho." (*Id.*)

On August 6, 2017, Plaintiff returned to Fresno Emergency room and the records indicate, "You have a fracture and dislocation in your hip. Our orthopedic consults feel you would be best served by following up with the surgeon at Stanford as you will require complex revision with involved surgical planning on an outpatient basis." On August 9, 2017, Manavjeet Singh Sidhu, M.D. submitted his orthopedic surgery clinic note on the imaging of Plaintiff: "Acetabular cup loose with broken screw. Prosthetic femoral head dislocated, this is chronic because it can be seen that the femoral head is now articulating in the pseud acetabulum."

Plaintiff alleges that Plaintiff's hip is in the same condition and he has not been taken to other appointments that have been recommended by Dr. Smith or by the Fresno Emergency Department. Plaintiff alleges Defendant Robert Withrow, M.D., Director of Medical Department at Department of State Hospitals-Coalinga, and Jonathan Hamerick, M.D., Chief Physician and Surgeon at Department of State Hospitals-Coalinga, are responsible for not allowing Plaintiff to go out to other medical appointments to see an orthopedic specialist who deals with hip replacement. These doctors are the two individuals who could allow referrals to outside medical appointments, but have not allowed Plaintiff.

Dr. Withrow stated that DSH-C will continue to consult outside medical facilities in an effort to secure a contract for specialized orthopedic surgery. Yet, Plaintiff has not gone to other outside medical appointments other than Dr. Smith and appointments at Community Regional Medical Center in Fresno. Dr. Smith said that Plaintiff will need a referral to a center such as Stanford or UCLA for complex revision total hip surgery and Dr. Sidhu agreed with Dr. Smith that Plaintiff needed a higher level of care.

Plaintiff includes as an Exhibit to the complaint a response from the Department of State Hospitals, Office of Human Rights in Sacramento which stated, "[S]everal health care facilities have declined your request for reconstructive surgery. Being an estimated 8-hour surgery, your age and state of health would make this surgery risky." Plaintiff alleges that no doctor that Plaintiff saw or consulted ever said that the surgery was 8 hours, or mentioned Plaintiff's age or that the surgery was "risky." Plaintiff asked for these reports that say the surgery is risky, or that

his age mattered, and he has not received any and believes these records are false.  Plaintiff should have been taken to other facilities for medical assessment.

Plaintiff seeks only compensatory and punitive damages as relief.

**IV.      Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996–97 (9th Cir. 2006); *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further, prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

A motion to dismiss brought under Rule 12(b)(6) is "functionally identical" to a motion for judgment on the pleadings brought under Rule 12(c) and "the same standard of review" applies. *Dworkin v. Hustler Magazine*, 867 F.2d 1188, 1192 (9th Cir. 1989).  The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.  *Id.*

Accordingly, the Court will review Defendants' motions together under the 12(b)(6) standard.

**A.      Collateral Estoppel or Res Judicata**

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and

5

it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)).

The doctrine of *res judicata*, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state. *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. § 1738 generally requires federal courts to give state court judgments the same res judicata effect that they would be given by another court of that state."). The Ninth Circuit has made it clear that a section 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. *See Gonzales v. Cal. Dep't. of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (holding that "reasoned denials of California habeas petitions" have claim-preclusive effect on subsequent civil litigation); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("we hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards."). California's claim preclusion law therefore governs whether Plaintiff's section 1983 claim may be brought in federal court. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016); *see also Anderson v. Mendoza*, No. 2:17-cv-1244-KJM-DB P, 2018 WL 6528429, at *3 (E.D. Cal. Dec. 12, 2018), appeal dismissed, No. 19-15428, 2019 WL 4271992 (9th Cir. July 9, 2019) ("California claim preclusion law governs whether, in light of his earlier state habeas petition, plaintiff's § 1983 claims may be brought in federal court.").

In *Furnace*, the Ninth Circuit held that a petition for writ of habeas corpus filed in California state court can have a claim preclusive effect on a subsequent section 1983 action if the second suit involves: (1) the same cause of action (2) between the same parties or parties in

privity with them (3) after a final judgment on the merits in the first suit. 838 F.3d at 1023.

California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. *Id.* (citing *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).

"California's claim preclusion law . . . prevents relitigation 'between the same parti*e*s or parties in privity with them.'" *Furnace*, 838 F.3d at 1028 (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)). Privity is a legal conclusion which designates a person "so identified in interest with a party to former litigation that he represents precisely the same right" being adjudicated. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)); *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citation omitted).

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) (citation and internal quotation marks omitted).

**B.    Prior Action: *In re William Ray Huffman*, No. 19CRWR684899**

Defendants request that the Court take judicial notice of *In re William Ray Huffman*, Fresno County Superior Court, No. 19CRWR684899 ("*In re Huffman*"), filed May 13, 2019. (ECF Nos. 30-1, Exhs. A–B; 31-3, Exhs. A–B.) The Court may take judicial notice of state court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *Kasey v. Molybdenum*

7

*Corp. of Amer.*, 336 F.2d 560, 563 (9th Cir. 1964).  The requests are granted, and the Court takes judicial notice of Plaintiff's state court habeas action, *In re Huffman*, and the Order Denying Petition for Writ of Habeas Corpus dated September 6, 2019.  (*Id.*)

On May 13, 2019, Plaintiff filed a petition for a writ of mandate in the Fresno County Superior Court claiming that the DSH-C, and specifically Dr. Sanjeev Batra, Dr. Robert Withrow, and Dr. Jonathan Hamerick, had violated his constitutional rights by not providing adequate medical care in the form of hip revision surgery from an orthopedic specialist.  Plaintiff sought an order forcing "Dr. Withrow and Dr. Hamerick to send Plaintiff to another medical center such as Stanford or UCLA to have surgery taken place forthwith.  (ECF No. 30-1, Exh. B.)

On July 2, 2019, the Fresno County Superior Court issued a Request for Informal Information from DSH-C.  An Informal Response from DSH-C was received on July 23, 2019.  Plaintiff replied on August 22, 2019, to the Informal Response.  (*See* ECF No. 30-1, p. 14.)

On September 6, 2019, the Fresno County Superior Court found that professional judgment was exercised in making the "pertinent medical decisions" regarding Plaintiff and his condition, as required by the professional judgment standard of *Youngberg v. Romero*, 457 U.S. 307 (1982), that Plaintiff had the burden to submit evidence that the medical decisions made by the physicians at DSH-C reflected a "[c]onscious indifference of Plaintiff amounting to gross negligence," and that Plaintiff had not presented any genuine issue of material fact that indicated that the staff at DSH-C "acted with such a departure from professional standards that they could not have been based on professional judgment." (ECF No. 30-1, pp. 19–22.)  The Superior Court therefore denied Plaintiff's claims, finding that Plaintiff failed to state a prima facie claim for relief.  (ECF No. 30-1, p. 22.)

At the end of the order denying Plaintiff's petition for writ of habeas corpus, the Superior Court stated, "To the extent that Petitioner is trying to bring a civil rights claim under Title 42, United States Code, section 1983, Petitioner must file a separate civil rights complaint.  The civil rights claim will not be considered in this petition for writ of habeas corpus." (*Id.*)

///

///

**C.     Parties' Positions**

Defendants contend that Plaintiff is barred by the doctrines of res judicata and collateral estoppel from bringing this action because he has already litigated the issues raised in this lawsuit, against the same defendants, in a state habeas action in Fresno County Superior Court, and received a final resolution on the merits finding that Plaintiff's action failed to state a claim for relief. (ECF Nos. 30, 31.)

In opposition, Plaintiff appears to be arguing that although he did file an action with the state court, he asks that the Court disregard that filing because it was not on the merits of this case. Plaintiff further states "Did the decision not say that the issue should be taken up by a 1983?" (ECF No. 35, p. 2.)

**D.     Discussion**

The Court finds that Plaintiff's claims are barred by the doctrine of *res judicata*. First, the instant action concerns the same cause of action as that raised by *In re Huffman*. The allegations in this action involve the same primary rights asserted by Plaintiff, the same primary duties upon devolving upon the same defendants, and allege the same harms done by the defendants consisting in a breach of such primary rights and duties as those raised in *In re Huffman*. *See Brodheim*, 584 F.3d at 1268. In both cases, Plaintiff alleges that Defendant Batra shattered his hip by attempting to re-align the hip joint on July 15, 2017, and that Plaintiff was subsequently denied consultation with an outside orthopedic specialist and hip revision surgery and by Defendants Withrow and Hamerick. Although Plaintiff sought only declaratory and injunctive relief in *In re Huffman*, and seeks only damages in the instant action, pleading a different theory of recovery is not sufficient to overcome the Court's finding that the two actions involve the same injury to Plaintiff and the same alleged wrongs by the same Defendants. *See id.* (citing *Eichman*, 147 Cal. App. 3d at 1174). Thus, the allegations in both actions constitute the same cause of action.

Second, the two actions are between the same parties or parties in privity with them. Defendants Batra, Withrow, and Hamerick are the only named defendants in this action. (ECF No. 13, pp. 1–2.) *In re Huffman* named Defendants Batra, Withrow, and Hamerick, as well as

9

John/Jane Doe Defendants #1–#25.  (ECF No. 30-1, p. 27.)

Finally, Plaintiff received a final judgment on the merits in *In re Huffman*.  (ECF No. 30-1, pp. 14–22.)  That action found that Plaintiff failed to state a prima facie case that he was denied adequate medical care.  (*Id.* at 22.)  The Superior Court considered arguments raised in Plaintiff's petition, DSH-C's Informal Response, and Plaintiff's reply to the Informal Response, (ECF No. 30-1, p. 14), and he decision was rendered after Plaintiff had "a full and fair opportunity for the issue to be heard and determined under federal standards."  *Silverton*, 644 F.2d at 1347.  As noted above, the Superior Court considered the same professional judgment standard under *Youngberg* that the Court would apply in the instant federal action.  (ECF No. 30-1, pp. 18–22.)

Finally, the Court notes that Plaintiff appears to argue that he was directed by the Superior Court to file a civil rights complaint under section 1983 regarding these issues.  (ECF No. 35, p. 2.)  While it is true that the Superior Court's order states that "[t]o the extent that Petitioner is trying to bring a civil rights claim . . . Petitioner must file a separate civil rights complaint," (ECF No. 30-1, p. 22), this direction does not provide any guidance regarding whether a later civil rights complaint would be barred by res judicata.  As discussed above, because Plaintiff attempts to raise identical causes of action against the same defendants named in a prior suit where Plaintiff already received a final decision on the merits of his claims, the instant action is barred by res judicata.

**V.      Order and Findings and Recommendations**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for clarification, (ECF No. 37), is GRANTED IN PART as discussed above.

Furthermore, it is HEREBY RECOMMENDED as follows:

1. Defendants Hamerick and Withrow's motion to dismiss, (ECF No. 30), be GRANTED;
2. Defendant Batra's motion for judgment on the pleadings, (ECF No. 31), be GRANTED; and
3. This action be DISMISSED as barred by the doctrine of res judicata.

///

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 26, 2021**            /s/ Barbara A. McAuliffe            _
                                        UNITED STATES MAGISTRATE JUDGE